## Erb Estate

*T. Frederick Feldmann* and *Bulleit & Bulleit,* for petitioners.

*Jesse L. Crabbs* and *Donald G. Oyler,* for appellants.

SHEELY, P. J., October 11, 1961.—Charles A. Erb died on October 26, 1959, leaving a will which was duly probated in the office of the Register of Wills of Adams County and letters testamentary thereon were granted unto Francis Worley. The account of the executor was subsequently filed and confirmed but, an appeal from the probate of the will having been filed by six churches, it was agreed by counsel that confirmation of the proposed schedule of distribution should be postponed. Three of the appellant churches filed the bond for costs required by the register of wills and, subsequent to the filing of the motion now before the court for consideration, the register of wills certified the record to the orphans court. No petition has been filed in the orphans' court by appellants, and no citation has been issued.

On August 21, 1961, counsel for appellants gave notice of taking of depositions of Francis Worley, executor and beneficiary under the will, T. Frederick Feldmann, Esq., attorney for the executor, and George H. Anderson and Florence M. Anderson, witnesses to the will, on oral examination under Pa. R. C. P. 4007-(c). Counsel for Francis Worley then filed the present motion for a protective order requesting the court to suppress the taking of depositions.

The parties agree that the proper practice on appeal from the probate of a will is for appellant to file his appeal with the Register of Wills (Register of Wills Act of June 28, 1951, P. L. 638, 20 PS §1840.208) and to perfect his appeal within 10 days by filing with the register a bond conditioned for the payment of any

costs which may be decreed against him: 20 PS §1840.208(b). Thereafter, he would file a petition in the orphans' court (20 PS §2080.701) setting forth a concise statement of the facts relied upon to justify the relief asked for (Sup. Ct. O. C. Rule 4), and cause a citation to be awarded by the court directing the parties in interest to file a complete answer under oath to the averments of the petition on or before a day certain: Act of August 10, 1951, P. L. 1163, 20 PS §2080.704. In the present case, appellants have perfected their appeal but have not yet filed their petition in the orphans' court, and it is the position of the proponents that, until the petition is filed, there is no action pending in the orphans' court and, therefore, no discovery proceedings may be had at this time.

The Orphans' Court Act of August 10, 1951, P. L. 1163, provides that the court, by general rule or special order, may prescribe the practice relating to depositions, discovery and the production of documents and, to the extent not provided by general rule or special order, the practice relating to such matters shall conform to the practice in the local court of common pleas: 20 PS §2080.742, Sup. Ct. O. C. rule 6, sec. 3. There was no local rule or special order applicable to discovery at the time the notice in this case was given.

Under Pa. R. C. P. 4001(a), it is provided:

"The rules of this chapter apply to any civil action or proceeding at law or in equity brought in or appealed to any court which is subject to these rules."

Under Pa. R. C. P. 4007(a), "Any party may take the testimony of any person, including a party, for the purpose of discovery by deposition upon oral examination or written interrogatories of the identity and whereabouts of witnesses. Subject to the limitations provided by Rule 4011, the deponent may also be examined regarding any matter, not privileged, which is

relevant to the subject matter involved in the action and will substantially aid in the preparation of the pleadings or the preparation or trial of the case. (b) The deposition may be taken without leave of court, except that leave must be obtained if notice of the taking is served by the plaintiff within twenty (20) days after commencement of the action. . . ."

In our view, there is an action now pending in the orphans' court, to wit: the appeal from the probate of the will by the register of wills. The appeal has been filed and perfected before the register which completely divests him of jurisdiction over the subject matter, except to certify the record to the court. If he had not already done so, he could be compelled to certify the record at any time by the court. All further proceedings, including proceedings to dismiss the appeal, must be in that court. The proponent recognized this when he petitioned the court to dismiss a previous appeal in this same estate. The purpose of the petition and citation is to secure jurisdiction of the persons of interested parties and to provide the pleadings under which the appeal may be disposed of.

One of the purposes of discovery proceedings under Pa. R. C. P. 4007($a$) is to secure information which "will substantially aid in the preparation of the pleadings." It is a contradiction in terms to say that appellants must first file their pleading in the nature of a petition before they can have discovery to aid in the preparation of pleadings.

The proponent relies upon Evans Estate, 15 D. & C. 2d 619 (1958), in which Judge Selecky, of Luzerne County, held that, before depositions in the nature of discovery could be permitted, appellants must first allege a prima facie case entitling them to relief. We must respectfully disagree with this conclusion. As pointed out in the 1961 Supplement—Binder 4 to Goodrich Amram, §4007($a$)-20, this is "a narrow

view of discovery to aid in the preparation of the pleadings . . ., if the plaintiff must first file a complaint before he can have discovery to aid him in preparing the complaint, what is the meaning of the words 'aid in the preparation of the pleadings'? The pleading will already have been filed before the discovery is requested."

By analogy, in the court of common pleas a plaintiff may institute an action by the issuance of a summons, which does not indicate the nature of plaintiff's claim or set forth a prima facie case of liability, and then resort to discovery proceedings to aid him in the preparation of his pleading. The form which the pleading will take, and the allegations contained therein, will necessarily depend upon the facts discovered in the discovery proceedings. A case directly in point, in which contentions similar to those of the proponent in this case were made, is Knappenberger v. Feldman, 6 D. & C. 2d 728 (1956), where plaintiff in a malpractice suit was permitted to examine defendant as to his treatment of plaintiff to aid plaintiff in the preparation of his complaint against defendant.

What we have said heretofore also disposes of the proponent's second objection that the taking of depositions without an order of court is unauthorized in that the notice was given less than 20 days after the commencement of an action in the orphans' court, since the appeal from the probate of the will was perfected more than 20 days prior to giving the notice of depositions.

The proponent further objects to the taking of depositions of T. Frederick Feldman, Esq., on the ground that he is one of the attorneys for the executor and, as such, communications of a privileged nature would necessarily be involved. We do not agree that this is necessarily true, and there are other methods by which Mr. Feldman may protect himself if the examination

attempts to elicit privileged matters. We understand from the briefs that he is the one who actually prepared the will and, therefore, his testimony would be most important in any appeal from the probate thereof.

The proponent finally contends that the notice of taking depositions was insufficient, since it did not specify the extent or purpose of the depositions. Unless required by local rules, the notice need not contain any statement of the scope or purpose of the proposed examination: Goodrich Amram 4007(c)-1. However, in this case we have a situation where appellants have appealed from the probate of the will of Mr. Erb without being required at any time to indicate the basis of their appeal. Under these circumstances, we think that the persons to be examined on oral depositions should be advised in advance of the matters as to which they are to be examined and of the scope of that examination in order that they might be prepared. It will be so ordered.

And now, October 11, 1961, the motion to suppress the taking of depositions is overruled and it is ordered that appellants may proceed upon the giving of a new notice which shall set forth the matters as to which the witnesses are to be examined and the proposed scope of that examination.